Douglas G. Johnson, ABA No. 9511061
Lanning M. Trueb, ABA No. 8911083
JOHNSON BEARD & TRUEB, PC
330 L Street
Anchorage, Alaska 99501
(907) 277-0161 Phone
(907) 277-0164 Fax
Email: djohnson@jbtattorneys.com
Email: lmtrueb@msn.com

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| TIMOTHY BOLES,<br><br>Plaintiff,<br><br>v.<br><br>The F/V SUMMER BAY, O.N. 640544, and her engine, machinery, tackle, gear, appurtenances, apparel, furniture, equipment, and cargo *in rem*.<br><br>Defendant. | Case No. 19-cv-_____<br><br>VERIFIED COMPLAINT *IN REM* FOR UNPAID WAGES |

**ACTION UNDER SPECIAL RULE FOR SEAMEN TO SUE
WITHOUT SECURITY AND PREPAYMENT OF COSTS
(28 U.S.C. § 1916)**

Plaintiff Timothy Boles, through counsel, Douglas G. Johnson of Johnson Beard & Trueb, PC, alleges the following causes of action against defendant.

**INTRODUCTION**

1. This is a case of admiralty and maritime jurisdiction, brought pursuant to Fed. R. Civ. P. 9(h), 46 U.S.C. § 10601, 46 U.S.C § 11107, AS 23.05.140(b), AS 23.05.140(d), Article III, § 2 of the U.S. Constitution; general maritime law; and other applicable statutes and law. For the reasons noted more fully below, both jurisdiction and venue are appropriate before this Court.

**COMPLAINT**
*Boles vs. F/V SUMMER BAY* Page 1 of 11

2. Plaintiff, a seaman, entered into a crew member employment contract with Summer Bay, LLC to work as a deckhand/engineer on a crew share basis aboard the F/V SUMMER BAY. Although plaintiff's crew contract contains a venue clause mandating suit in state or federal court in King County, Washington, the *in rem* defendant was not a party to the crew contract. Further, on information and belief, the *in rem* defendant will not be in waters subject to the Western District of Washington Federal Court's jurisdiction during the pendency of any action relating to plaintiff's wage claims. Conversely, on information and belief, the *in rem* defendant will be within this Court's jurisdiction during the pendency of this action.

3. The F/V SUMMER BAY is a fishing vessel of 195 gross tons, documented at 106.80 feet, official number 640544, and owned by Summer Bay, LLC.

4. Plaintiff's claim for unpaid wages earned while working aboard the F/V SUMMER BAY gives rise to a maritime lien against the *in rem* defendant.

5. This Court has both subject matter and personal jurisdiction over plaintiff's *in rem* claims.

6. At all times herein mentioned, plaintiff was employed as a crew member aboard the F/V SUMMER BAY, to fish for crab in Alaska during the crabbing seasons of 2016, 2017, and 2018.

7. Plaintiff's employment onboard the *in rem* defendant for the fall 2018 crab seasons began on or about October 2, 2018. That employment ended on or about November 6, 2018. The crew contract calls for claims arising under the contract or from the employment to be brought within six (6) months after events giving rise to the claim.

8. Plaintiff's claims arising out of the non-payment of his wages for the fall 2018 crabbing seasons are timely filed.

**COMPLAINT**
*Boles vs. F/V SUMMER BAY* Page 2 of 11

Case 3:19-cv-00088-SLG   Document 1   Filed 03/29/19   Page 2 of 12

9. Plaintiff is a citizen of the United States of America; and at all material times resides in the State of Alaska.

10 During all times herein mentioned, plaintiff's employer, Summer Bay, LLC was the owner and/or owner *pro hac vice* and/or operator and/or charterer and/or controller of the F/V SUMMER BAY, O.N. 640544.

11. The crew contract entered into by plaintiff and Summer Bay, LLC for 2018 fall crabbing states that plaintiff was to be paid a crew share and bonus based upon a percentage of the net proceeds from the sale of the catch of the vessel during the employment contract. The "net proceeds" is defined in the crew contract as the gross proceeds from the sale of the catch of the vessel less deduction for: 1) food; 2) bait; 3) nets, pots, and other fishing gear; 4) fuel; 5) observer expense; and, 6) other. The "other" category is left blank. See, Exhibit 1, attached.

12. Plaintiff, Timothy Boles, completed the terms of his crew contract and fulfilled all requirements to receive his crew share and bonus.

13. Plaintiff received compensation from Summer Bay, LLC in a draw when he started the seasons, and another draw when his employment ended and he left the vessel on November 5 or 6, 2018.

14. After the seasons were over, plaintiff requested a "Settlement Sheet" from his employer, Summer Bay, LLC. On or about February 22, 2019 Summer Bay, LLC provided the Settlement Sheet to plaintiff, attached hereto as Exhibit 2.

15. The Settlement Sheet provided by Summer Bay, LLC did not contain information about the size of the catch or the amount of gross proceeds paid for the catch.

16. The Settlement Sheet provided by Summer Bay, LLC represented that the "gross" amount received for the catch was $150,696.49.

**COMPLAINT**
*Boles vs. F/V SUMMER BAY*

17. The compensation paid to plaintiff was calculated using the $150,696.49 Summer Bay, LLC represented to be the "gross" proceeds received from sale of the catch.

18. The Settlement Sheet provided to plaintiff showed deductions from the "gross" for expenses of fuel of $36,794.03 and bait $12,824.13, and a net amount to the vessel of $101,107.83.

19. On February 25, 2019, three and one half months after the seasons ended, and only after additional request for information, plaintiff was provided with the 2018 Red King Crab and Fall 2018 Western Bering Tanner advance price sheets. See Exhibit 3. The advance sheets provide a detailed breakdown of the pounds of the catch and the gross proceeds received as payment for the catch.

20. The advance sheets also show that various deductions totaling approximately $279,314.11 were paid from the vessel catch proceeds, prior to calculation of the "gross" represented on the Settlement Sheet provided to plaintiff.

21. The $279,314.11 in deductions demonstrated on the advance sheets, prior to calculation of the "gross" reported in the Settlement Sheet given to plaintiff were not deductions disclosed or allowed under the crew contract.

22. The $279,314.11 in deductions demonstrated on the advance sheets, prior to calculation of the "gross" reported in the Settlement Sheet given to plaintiff, were inappropriately deducted from the gross proceeds from sale of the catch in violation of the crew contract with plaintiff.

23. By misrepresenting the actual "gross" proceeds from the sale of the catch, Summer Bay, LLC wrongfully deprived plaintiff of an amount in excess of $25,000.00 of his rightful wages for the fall 2018 crab seasons.

**COMPLAINT**
*Boles vs. F/V SUMMER BAY* Page 4 of 11

Case 3:19-cv-00088-SLG   Document 1   Filed 03/29/19   Page 4 of 12

24. A large portion of the inappropriately deducted "expenses" was for payment to IFQ holders for IFQ quota fished by the F/V SUMMER BAY, including payment for IFQ made directly to the owners/members of Summer Bay, LLC.

**COUNT I**
**CONTRACT WAGES OWED TO PLAINTIFF FOR 2018 FALL SEASONS**

25. Plaintiff hereby incorporates all prior paragraphs as if fully set forth herein.

26. Summer Bay, LLC breached the Fall 2018 crew contract with plaintiff by failing to properly calculate plaintiff's compensation by using a misrepresentation of the "gross" proceeds received for the catch.

27. Plaintiff was deprived of in excess of $25,000.00 in earned compensation for the 2018 Fall seasons as a result of Summer Bay's breach of the crew contract.

**COUNT II.**
**VIOLATION OF 46 U.S.C. § 10601 and PENALTIES PURSUANT TO 46 U.S.C. § 11107 FOR THE 2018 FALL SEASONS**

28. Plaintiff hereby incorporates all prior paragraphs as if fully set forth herein.

29. The F/V SUMMER BAY is over 20 gross tons; and is, therefore, subject to the requirements of 46 U.S.C. § 10601.

30. Summer Bay, LLC failed to have a crew contract for the 2018 Fall seasons that met the requirements of 46 U.S.C. § 10601.

31. Pursuant to 46 U.S.C. § 11107, Summer Bay LLC's violation of 46 U.S.C. § 10601 entitles plaintiff to recover the highest rate of wages calculated as the highest crew share at the port from which plaintiff was engaged to work for Summer Bay, LLC.

**COMPLAINT**
*Boles vs. F/V SUMMER BAY* Page 5 of 11

## COUNT III.
## VIOLATION OF AS 23.05.140(b) and PENALTIES PURSUANT TO AS 23.05.140(d) FOR THE 2018 FALL SEASONS

32. Plaintiff hereby incorporates all prior paragraphs as if fully set forth herein.

33. Summer Bay, LLC failed to pay plaintiff all of his compensation due pursuant to the terms of the crew contract within three days of the termination of employment.

34. Summer Bay, LLC's failure to pay plaintiff his full compensation within three days of the termination of his employment was a violation of AS 23.05.140(b).

35. Pursuant to AS 23.05.140(d) the employer is liable to plaintiff for a penalty of the entire amount owed to plaintiff under the crew contract, divided by the total number of days of plaintiff's employment, multiplied by ninety days.

## COUNT IV.
## ALTERNATIVE CLAIM FOR VIOLATION OF RCW 49.52.050 and PENALTIES PURSUANT TO RCW 49.52.070 FOR THE 2018 FALL SEASONS

36. Plaintiff hereby incorporates all prior paragraphs as if fully set forth herein.

37. Summer Bay, LLC willfully and with intent to deprive plaintiff of a part of his wages, failed to pay the wages to which plaintiff was entitled under the crew contract, in violation of RCW 49.52.050.

38. Pursuant to RCW 49.52.070, the *in rem* defendant is liable to plaintiff for twice the withheld amount of his wages.

## COUNT V.
## BREACH OF CONTRACT FOR ALL SEASONS IN 2016 AND 2017, AND 2018 WINTER SEASONS

39. Plaintiff hereby incorporates all prior paragraphs as if fully set forth herein.

COMPLAINT
*Boles vs. F/V SUMMER BAY*        Page 6 of 11

Case 3:19-cv-00088-SLG   Document 1   Filed 03/29/19   Page 6 of 12

40. On information and belief, the crew contracts entered into between plaintiff and Summer Bay, LLC for all seasons in 2016 and 2017, and the winter 2018 seasons were identical to the contract for the 2018 fall crabbing seasons.

41. On information and belief, the crew shares paid to plaintiff for all seasons in 2016 and 2017, and the winter 2018 seasons were calculated in the same manner as for the 2018 Fall crabbing seasons.

42. On information and belief, Summer Bay, LLC fraudulently misrepresented to plaintiff the "gross" proceeds from the sale of the catch for all seasons in 2016 and 2017, and the winter 2018 seasons.

43. On information and belief, Summer Bay, LLC fraudulently breached its contract with plaintiff in its failure to pay full wages to plaintiff for all seasons in 2016 and 2017, and the winter 2018 seasons.

44. On information and belief, plaintiff was damaged by the breach of contract for all seasons in 2016 and 2017, and the winter 2018 seasons in the amount of the actual compensation he was owed less the amount of compensation he was actually paid based upon Summer Bay, LLC's fraudulent misrepresentation of the "gross" proceeds from the sale of the catch.

## COUNT VI.
### VIOLATION OF 46 U.S.C. § 10601 and PENALTIES PURSUANT TO 46 U.S.C. § 11107 FOR ALL SEASONS IN 2016 AND 2017, AND 2018 WINTER SEASONS

45. Plaintiff hereby incorporates all prior paragraphs as if fully set forth herein.

46. On information and belief, Summer Bay, LLC failed to have a crew contract that met the requirements of 46 U.S.C. § 10601 for all seasons in 2016 and 2017, and the winter 2018 seasons.

**COMPLAINT**
*Boles vs. F/V SUMMER BAY*  Page 7 of 11

47. Summer Bay LLC's violation of 46 U.S.C. § 10601 entitles plaintiff to recover the highest rate of wages calculated as the highest crew share at the port from which plaintiff was engaged to work onboard the F/V SUMMER BAY during all seasons in 2016 and 2017, and the winter 2018 seasons.

## COUNT VII.
### VIOLATION OF AS 23.05.140(b) AND PENALTIES PURSUANT TO AS 23.05.140(d) FOR ALL SEASONS IN 2016 AND 2017, AND 2018 WINTER SEASONS

48. Plaintiff hereby incorporates all prior paragraphs as if fully set forth herein.

49. On information and belief, Summer Bay, LLC failed to pay plaintiff all of his wages due for each of all seasons in 2016 and 2017, and the winter 2018 seasons pursuant to the terms of the crew contract within three days of the termination of employment.

50. Summer Bay, LLC's failure to pay plaintiff his full compensation within three days of the termination of his employment for all seasons in 2016 and 2017, and the winter 2018 seasons was a violation of AS 23.05.140(b).

51. Pursuant to AS 23.05.140(d) Summer Bay, LLC is liable to plaintiff for a penalty of the entire amount owed to plaintiff under the crew contract for each of all seasons in 2016 and 2017, and the winter 2018 seasons, divided by the total number of days of plaintiff's employment for each season, multiplied by ninety days.

## COUNT VIII.
### ALTERNATIVE CLAIM FOR VIOLATION OF RCW 49.52.050 and PENALTIES PURSUANT TO RCW 49.52.070 FOR ALL SEASONS IN 2016 AND 2017, AND 2018 WINTER SEASONS

52. Plaintiff hereby incorporates all prior paragraphs as if fully set forth herein.

53. On information and belief, Summer Bay, LLC willfully and with intent to deprive plaintiff of a part of his wages, failed to pay the wages to which plaintiff was entitled under the

**COMPLAINT**
*Boles vs. F/V SUMMER BAY* Page 8 of 11

crew contract for all seasons in 2016 and 2017, and the winter 2018 seasons, in violation of RCW 49.52.050.

54. Pursuant to RCW 49.52.070, Summer Bay, LLC is liable to plaintiff for twice the withheld amount of his wages for all seasons in 2016 and 2017, and the winter 2018 seasons.

## COUNT IX.
## FRAUDULENT MISREPRESENTATION AND TOLLING OF CONTRACTUAL OR LEGAL TIME LIMITATIONS

55. Plaintiff hereby incorporates all prior paragraphs as if fully set forth herein.

56. On information and belief, Summer Bay, LLC fraudulently misrepresented to plaintiff the actual "gross" proceeds from the sale of the catch for all seasons in 2016 and 2017, and the winter 2018 seasons.

57. On information and belief, Summer Bay, LLC used the fraudulently misrepresented "gross" amount in order to calculate plaintiff's compensation for all seasons in 2016 and 2017, and the winter 2018 seasons.

58. Plaintiff became aware of the misrepresentation of the "gross" proceeds for the 2018 seasons when he was provided the 2018 Red King Crab and Fall 2018 Western Bering Tanner advance price sheets (Exhibit 3) on February 25, 2019. Plaintiff was never provided with such sheets or information for all seasons in 2016 and 2017, and the winter 2018 seasons.

59. Defendant is legally estopped from claiming the protection of any contractual or legal time limitation for the bringing of claims for unpaid wages as a result of Summer Bay, LLC's fraudulent misrepresentation of the "gross" amounts upon which plaintiff's compensation was calculated for all seasons in 2016 and 2017, and the winter 2018 seasons.

**COMPLAINT**
*Boles vs. F/V SUMMER BAY* Page 9 of 11

Case 3:19-cv-00088-SLG   Document 1   Filed 03/29/19   Page 9 of 12

# COUNT IX.
# ATTORNEY FEES

60. Plaintiff hereby incorporates all prior paragraphs as if fully set forth herein.

61. Summer Bay, LLC acted willfully, intentionally, arbitrarily, unreasonably and fraudulently to make inappropriate deductions from the gross proceeds from sale of the catch in violation of the crew member employment contract with plaintiff and other crew members, and then willfully, intentionally, and recalcitrantly withheld information of the inappropriate payments/deductions, with the intention and effect of depriving plaintiff and other crew members of their rightful compensation for the 2016, 2017 and 2018 crab seasons.

62. Summer Bay, LLC's intentional failure to pay plaintiff his full wages was and is willful, intentional, and callous; and in deliberate disregard of plaintiff's well-being.

63. As a result of Summer Bay, LLC's actions, plaintiff was required to hire an attorney and incur costs in an attempt to obtain the maritime benefits owed.

64. As a result of Summer Bay, LLC's actions in arbitrarily, recalcitrantly and unreasonably failing to pay plaintiff's wages, plaintiff is entitled to his actual attorney's fees.

WHEREFORE, PREMISES CONSIDERED, plaintiff prays this Court to hear his just cause of action, and that this Court require the defendant *in rem* to answer his just cause of action, and that he be awarded judgment against defendant as follows:

1. That plaintiff be awarded compensatory damages, statutory penalties, exemplary damages, actual attorney fees, and any other damages allowable under the general maritime law and/or Alaska state law, and/or Washington state law, against the *in rem* defendant in an amount to be more fully determined at trial in this matter.

**COMPLAINT**
*Boles vs. F/V SUMMER BAY*   Page 10 of 11

Case 3:19-cv-00088-SLG   Document 1   Filed 03/29/19   Page 10 of 12

2. That the defendant F/V SUMMER BAY be held to answer to an *in rem* judgment, with all available *in rem* procedures; and that plaintiff be adjudged as a holder of a personal, preferred maritime lien against the vessel.

3. That plaintiff be awarded attorney's fees, prejudgment interest, post-judgment interest, costs, and any other relief in law or equity to which plaintiff is shown to be entitled.

DATED this 29th day of March, 2019, at Anchorage, Alaska.

JOHNSON BEARD & TRUEB, PC
Attorneys for Plaintiff

By: /s/ Douglas G. Johnson
Douglas G. Johnson, ABA No. 9511061
Lanning M. Trueb, ABA No. 8911083

JOHNSON BEARD & TRUEB, PC
330 L STREET
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

**COMPLAINT**
*Boles vs. F/V SUMMER BAY*  Page 11 of 11

## VERIFICATION

Timothy Boles deposes and says: That I am the Plaintiff and hereby make this verification; that I have read the above and foregoing complaint *in rem,* know the contents thereof, and the same is true to the best of my knowledge and belief, based upon the information furnished to me.

_____
Timothy Boles, Plaintiff

SUBSCRIBED AND SWORN TO before me this 25 day of March, 2019.



_____
Notary Public, State of Alaska
My Commission Expires: 11/17/21

**COMPLAINT**
*Boles v. Summer Bay*

JOHNSON BEARD & TRUEB, PC
330 L STREET
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164